UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X    **SECOND**
                                                                             **AMENDED**
CHRISTINE VISCUSO,                                                           **COMPLAINT**

                                   Plaintiff,                    08 CV 5180
     -against-                                                             (NGG)(RLM)

CITY OF NEW YORK, SHANTE TERRELL, MICHAEL HEALY,                             Jury Trial Demanded
WILMAR MEIJA, TREVOR BARONETTE, JAMEL KENDRICK,
CHARLES MARTELLO, EDWARD MURPHY, EDWARD
HARTRICK, RONALD JUAN CARLOS, AGAPITO SOLER,
"JOHN" RAIMONDI, MATTHEW REICH, and VICTORIA
LAFUCCI, individually and in their official capacities,

                                   Defendants,

------------------------------------------------------------------------X

       Plaintiff CHRISTINE VISCUSO, by her attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

## **Preliminary Statement**

       1.     Plaintiff brings action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitution of State of New York and the United States.

## **JURISDICTION**

       2.     The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and pursuant to New York State Common Law and the New York State Constitution.

       3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff CHRISTINE VISCUSO is a citizen of the United States, and at all relevant times a resident of the City and States of New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9 That at all times hereinafter mentioned, the individually named defendants SHANTE TERRELL, MICHAEL HEALY, WILMAR MEIJA, TREVOR BARONETTE, JAMEL KENDRICK, CHARLES MARTELLO, EDWARD MURPHY, EDWARD HARTRICK, RONALD JUAN CARLOS, AGAPITO SOLER, "JOHN" RAIMONDI, MATTHEW REICH, and VICTORIA LAFUCCI, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties. Upon information and belief, MICHAEL HEALY held the rank of sergeant and

was an NYPD supervisor.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the States or City New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12. Each and all of the acts of the defendant alleged herein were done by said defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

13. On September 26, 2007, at approximately 6:15 a.m., plaintiff CHRISTINE VISCUSO was lawfully present inside 2069 Nostrand Ave., Apt. B-3, located in the Brooklyn, New York.

14. At the aforesaid time and place, the defendants, members of the New York City Police Department, broke down the front door and entered the location. The defendant officers pointed a firearm at plaintiff, grabbed her, slammed her into a wall, and handcuffed her with severely over tightened handcuffs. Thereafter, the NYPD officers escorted the plaintiff out of her apartment in handcuffs, placed in her in an NYPD vehicle against her will, and transported her in police custody to an NYPD police precinct. Due to the reckless, negligent, and otherwise unlawful manner in which she was restrained by the officers, plaintiff was caused to fall off of her seat in the vehicle. Plaintiff was subjected to an unlawful search, wherein an NYPD officer

searched her by exposing her breasts. Ms. Viscuso was then placed in a holding cell, where she remained for several hours. The named defendants attempted to cover up their misconduct by drawing up baseless charges against the plaintiff, and then referring them to the Kings County District Attorney's Office for prosecution. Notwithstanding, upon information and belief, the Kings County District Attorney's office declined prosecution, and facilitated plaintiff's release from Brooklyn Central Booking, thereby causing the charges to be dismissed and sealed.

15. As a result of the foregoing, plaintiff CHRISTINE VISCUSO sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of her constitutional rights.

## **Federal Claims**

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights under 42 U.S.C. § 1983)

16. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "15" with the same force and effect as if fully set forth herein.

17. All of the aforementioned acts of defendants, their agents, servants and employee were carried out under the color of state law.

18. All of the aforementioned acts deprived plaintiff CHRISTINE VISCUSO of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United of America, and in violation of 42 U.S.C. §1983.

19. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

20. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

21. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

22. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "21" with the same force and effect as if fully set forth herein.

23. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff CHRISTINE VISCUSO'S constitutional rights.

24. As a result of the aforementioned conduct of defendants, plaintiff CHRISTINE VISCUSO'S constitutional right to be free from excessive force was violated and they sustained physical injuries.

### AS AND FOR A THIRD CAUSE OF ACTION
(False Imprisonment under 42 U.S.C. § 1983)

25. Plaintiff repeats, reiterate and realleges each and every allegation contained in paragraphs numbered "1" through "24" with the same force and effect as if fully set forth herein.

26. The defendants falsely imprisoned the plaintiff CHRISTINE VISCUSO against her will without any probable cause.

27. As a result of the foregoing, plaintiff CHRISTINE VISCUSO was deprived of her

constitutional rights.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Unlawful Strip Search under 42 U.S.C. § 1983)

28. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

29. The strip searches employed by defendants herein were conducted in the absence of any individualized and/or reasonable suspicion or just cause that plaintiff possessed any contraband or weapon at the time of the search.

30. As a result of the aforementioned conduct of defendants, plaintiff CHRISTINE VISCUSO's constitutional right to free of unlawful strip searches was violated.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. Defendants had an affirmative duty to intervene on behalf of plaintiff CHRISTINE VISCUSO, whose constitutional rights were being violated in their presence by other officers.

33. The defendants failed to intervene to prevent the unlawful conduct described herein.

34. As a result of the foregoing, plaintiff CHRISTINE VISCUSO'S liberty was restricted for an extended period of time, she was put in fear of her safety, and she was humiliated and subjected to handcuffing and other physical restraints, and subjected to an invasive search without probable cause.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. The supervisory defendants, including, without limitation, defendant HEALY, personally caused plaintiff's constitutional injuries by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

39. The City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff CHRISTINE VISCUSO'S rights as described herein. In addition, the City of New York engaged in a policy, custom or practice of seizing, searching, and/or arresting citizens present at the scene of search warrant executions in the absence of any reason to believe that the individual has committed any crime or is the subject or target of any purported warrant. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts

and conduct complained of herein.

40. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff CHRISTINE VISCUSO.

41. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff CHRISTINE VISCUSO as alleged herein.

42. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff CHRISTINE VISCUSO as alleged herein.

43. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff CHRISTINE VISCUSO was unlawfully seized, strip searched, detained and incarcerated.

44. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff CHRISTINE VISCUSO'S constitutional rights.

45. All of the foregoing acts by defendants deprived plaintiff CHRISTINE VISCUSO of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from false arrest;

    C. To be free from excessive force;

    D. To be free from unlawful searches and seizures; and

E. To be free from the failure of law enforcement officers to intervene to prevent misconduct by other officers that is being committed in their presence.

46. As a result of the foregoing, plaintiff CHRISTINE VISCUSO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### Supplemental State Law Claims

47. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

49. The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

50. The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

51. Plaintiff has complained with all conditions precedent to maintaining the instant action.

52. Their action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

53. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

9

paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54.     As a result of the foregoing, plaintiff CHRISTINE VISCUSO was placed in apprehension of imminent harmful and offensive bodily contact.

55.     As a result of defendants' conduct, plaintiff CHRISTINE VISCUSO has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### AS AND FOR A NINTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

56.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.     Defendants made offensive contact with plaintiff without privilege or consent.

58.     As a result of defendants' conduct, plaintiff CHRISTINE VISCUSO has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### AS AND FOR A TENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

59.     Plaintiff repeats, reiterates and each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

61.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

62.     The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

63. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff CHRISTINE VISCUSO.

64. As a result of the aforementioned conduct, plaintiff CHRISTINE VISCUSO suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

65. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66. Despite the lack of probable cause, defendants detained the plaintiff against her will until her eventual release from Central Booking.

67. As a result of the aforementioned conduct, plaintiff CHRISTINE VISCUSO was subjected to unlawful imprisonment in violation of New York common law and the New York State Constitution.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Unlawful Strip Search under the laws of the State of New York)

68. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. Plaintiff was unlawfully strip searched by the defendants, who lacked any individualized reasonable suspicion that plaintiff may have possessed contraband at the time the search was conducted.

70. As a result of the aforementioned conduct of defendants, plaintiff CHRISTINE VISCUSO's rights under New York common law and the New York State Constitution were violated.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

71. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "70" with the same force and effect as if fully set forth herein.

72. Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff CHRISTINE VISCUSO.

73. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

74. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75. Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff CHRISTINE VISCUSO.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

76. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct

described herein.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

78. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79. Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

80. As a result of the foregoing, plaintiff CHRISTINE VISCUSO is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of their action.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12)

81. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82. As a result of defendants' conduct, plaintiff was deprived of her right to security against unreasonable searches, seizures, and interceptions.

**WHEREFORE**, plaintiff CHRISTINE VISCUSO demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs and disbursements of their action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       September 24, 2010

                                        LEVENTHAL & KLEIN, LLP
                                        45 Main Street, Suite 230
                                        Brooklyn, New York 11201
                                        (718) 722-4100

                                        By: _____
                                              BRETT H. KLEIN (BK4744)

                                        Attorneys for Plaintiff CHRISTINE VISCUSO

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X

CHRISTINE VISCUSO,

                                            Plaintiff,                  08 CV 5180

    -against-                                               (NGG)(RLM)

CITY OF NEW YORK, SHANTE TERRELL, MICHAEL HEALY,
WILMAR MEIJA, TREVOR BARONETTE, JAMEL KENDRICK,
CHARLES MARTELLO, EDWARD MURPHY, EDWARD
HARTRICK, RONALD JUAN CARLOS, AGAPITO SOLER,
"JOHN" RAIMONDI, MATTHEW REICH, and VICTORIA
LAFUCCI, individually and in their official capacities,

                                         Defendants,

----------------------------------------------------------------------------X


**SECOND AMENDED COMPLAINT**


                LEVENTHAL & KLEIN, LLP
      Attorneys for Plaintiff CHRISTINE VISCUSO
                 45 Main Street, Suite 230
                 Brooklyn, New York 11201
                     (718) 722-4100